BENJAMIN B. WAGNER
United States Attorney
STANLEY A. BOONE
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>2006 ASTON MARTIN DC-9 CONVERTIBLE,<br>VIN: SCFAD02AX6GB04658,<br>LICENSE NO. 5WWZ765,<br><br>APPROXIMATELY $145,854.46 IN U.S. CURRENCY,<br><br>APPROXIMATELY $83,386.27 IN U.S. CURRENCY,<br><br>APPROXIMATELY  $3,013.99 IN U.S. CURRENCY, and<br><br>1993 CESSNA 550 FIXED WING MULTI-ENGINE AIRCRAFT, SERIAL NO. 550-0725, TAIL NO. N725CC,<br><br>              Defendants.<br>_____ | 1:09-MC-00047-GSA<br><br>***SIXTHTEENTH*  STIPULATION AND ORDER EXTENDING THE UNITED STATES' TIME TO FILE A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE** |

It is hereby stipulated by and between the United States of America and Claimants Kathleen Otto and Manufacturers Acceptance Corporation (MAC) dba Heritage Pacific Leasing by Lynn Haynes, (hereafter "Claimants"), by and through their respective attorney, as follows:

1. On or about August 7, 2009, Claimants filed claims, in the administrative forfeiture proceeding, with the Federal Bureau of Investigation with respect to the 2006 Aston Martin DC-9 Convertible, VIN: SCFAD02AX6GB04658, License No. 5WWZ765( the "vehicle"), approximately $145,854.46 in U.S. Currency, approximately $83,386.27 in U.S. Currency, and approximately $3,013.99 in U.S. Currency (the "currency"). The vehicle was seized on or about May 29, 2009; the currency was seized on or about June 8, 2009.

2. The Federal Bureau of Investigation has sent the written notice of intent to forfeit required by 21 U.S.C. § 881 to all known interested parties. The time has expired for any person to file a claim to the vehicle and currency under 18 U.S.C. § 983(a)(2)(A)-(E), and no person(s) other than the Claimants have filed claims to the vehicle and currency as required by law in the administrative forfeiture proceeding.

3. Under 18 U.S.C. § 983(a)(3)(A), the United States is required to file a complaint for forfeiture against the vehicle and currency and/or to obtain an indictment alleging that the vehicle and currency are subject to forfeiture within 90 days after a claim has been filed in the administrative forfeiture proceedings, unless the court extends the deadline for good cause shown or by agreement of the parties.

4. By Stipulation and Order filed on November 4, 2009, the parties stipulated to extend to December 4, 2009, the time in which to file a Complaint for Forfeiture and/or obtain an Indictment Alleging Forfeiture.

5. By Stipulation and Order filed on December 4, 2009, the parties stipulated to extend to February 2, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

6. By Stipulation and Order filed on February 1, 2010, the parties stipulated to further extend to April 5, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

7. By Stipulation and Order filed on April 5, 2010, the parties stipulated to further extend to June 3, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

1    8.     By Stipulation and Order filed on June 3, 2010, the parties stipulated to further extend to July 7, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

9.     By Stipulation and Order filed on July 7, 2010, the parties stipulated to further extend to August 9, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

10.    By Stipulation and Order filed on August 10, 2010, the parties stipulated to further extend to September 10, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

11.    By Stipulation and Order filed on September 10, 2010, the parties stipulated to further extend to October 12, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

12.    By Stipulation and Order filed on October 8, 2010, the parties stipulated to further extend to November 15, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

13.    By Stipulation and Order filed on November 12, 2010, the parties stipulated to further extend to February 11, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture

14.    By Stipulation and Order filed on February 7, 2011, the parties stipulated to further extend to March 31, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

15.    By Stipulation and Order filed on March 28, 2011, the parties stipulated to further extend to April 29, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

16.    By Stipulation and Order filed on April 29, 2011, the parties stipulated to further extend to May 27, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture

17.    By Stipulation and Order filed on May 24, 2011, the parties stipulated to further

1  extend to June 30, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an
2  Indictment Alleging Forfeiture

3        18.    By Stipulation and Order filed on June 29, 2011, the parties stipulated to further
4  extend to August 19, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an
5  Indictment Alleging Forfeiture

6        19.    The parties have currently reached a tentative settlement on the matter and need
7  additional time to effectuate its terms. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by
8  agreement to further extend to September 30, 2011, the time in which the United States is required
9  to file a civil complaint for forfeiture against the vehicle and currency and/or to obtain an indictment
10 alleging that the vehicle and currency are subject to forfeiture.

11       20.    The 1993 Cessna 550 Fixed Wing Multi-Engine Aircraft, Serial No. 550-0725, Tail
12 No. N725CC (hereafter "Cessna"), does not fall under administrative forfeiture eligibility however
13 the parties herein stipulate to include the Cessna under the governments requirement to file a Civil
14 Forfeiture Complaint or Indictment alleging Forfeiture on the within stipulated deadline date.

15       21.    Accordingly, the parties agree that the deadline by which the United States shall be
16 required to file a complaint for forfeiture against the vehicle, currency, and Cessna and/or to obtain

17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

an indictment alleging that the vehicle, currency, and Cessna are subject to forfeiture shall be extended to September 30, 2011.

Dated: August 18, 2011              BENJAMIN B. WAGNER
                                    United States Attorney

                                    /s/ Stanley A. Boone
                                    STANLEY A. BOONE
                                    Assistant United States Attorney

Dated: August 17, 2011              /s/ Paul L. Gabbert
                                    PAUL L. GABBERT
                                    Attorney for Claimants

                                    (original signature retained by attorney)

**ORDER**

As indicated, this is the parties' sixteenth stipulation in this matter. The Court has been accommodating to date. However, the Court notes that the parties indicated reaching "a tentative settlement on the matter" as of April 29, 2011 (Doc. 27), and yet, after nearly four months, the matter remains unresolved. The Court will not adopt any future stipulation to extend Plaintiff's time within which to file a complaint, based upon the parties' purported settlement or without a showing of good cause. This Court ADOPTS the instant stipulation, granting Plaintiff an extension through and including September 30, 2011. In the event the matter has not settled prior to September 30, 2011, and the parties wish to seek a further stipulation, they shall expressly detail the reasons for the continued delay of the settlement and establish good cause. *See* Local Rule 143(b).

IT IS SO ORDERED.

Dated:   **August 18, 2011**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE