BENJAMIN B. WAGNER
United States Attorney
STANLEY A. BOONE
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>2006 ASTON MARTIN DC-9 CONVERTIBLE,<br>VIN: SCFAD02AX6GB04658,<br>LICENSE NO. 5WWZ765,<br><br>APPROXIMATELY $145,854.46 IN U.S. CURRENCY,<br><br>APPROXIMATELY $83,386.27 IN U.S. CURRENCY,<br><br>APPROXIMATELY $3,013.99 IN U.S. CURRENCY, and<br><br>1993 CESSNA 550 FIXED WING MULTI-ENGINE AIRCRAFT, SERIAL NO. 550-0725, TAIL NO. N725CC,<br><br>  Defendants.<br>_____ | 1:09-MC-00047-GSA<br><br>***SEVENTEENTH*** **STIPULATION AND ORDER EXTENDING THE UNITED STATES' TIME TO FILE A COMPLAINT FOR FORFEITURE AND/OR TO OBTAIN AN INDICTMENT ALLEGING FORFEITURE**<br><br>**ORDER SETTING STATUS CONFERENCE FOR NOVEMBER 10, 2011, AT 10:30 A.M. IN COURTROOM 10** |

It is hereby stipulated by and between the United States of America and Claimants Kathleen Otto and Manufacturers Acceptance Corporation (MAC) dba Heritage Pacific Leasing by Lynn Haynes, (hereafter "Claimants"), by and through their respective attorney, as follows:

1.     On or about August 7, 2009, Claimants filed claims, in the administrative forfeiture proceeding, with the Federal Bureau of Investigation with respect to the 2006 Aston Martin DC-9 Convertible, VIN: SCFAD02AX6GB04658, License No. 5WWZ765( the "vehicle"), approximately $145,854.46 in U.S. Currency, approximately $83,386.27 in U.S. Currency, and approximately $3,013.99 in U.S. Currency (the "currency").  The vehicle was seized on or about May 29, 2009; the currency was seized on or about June 8, 2009.

2.     The Federal Bureau of Investigation has sent the written notice of intent to forfeit required by 21 U.S.C. § 881 to all known interested parties.  The time has expired for any person to file a claim to the vehicle and currency under 18 U.S.C. § 983(a)(2)(A)-(E), and no person(s) other than the Claimants have filed claims to the vehicle and currency as required by law in the administrative forfeiture proceeding.

3.     Under 18 U.S.C. § 983(a)(3)(A), the United States is required to file a complaint for forfeiture against the vehicle and currency and/or to obtain an indictment alleging that the vehicle and currency are subject to forfeiture within 90 days after a claim has been filed in the administrative forfeiture proceedings, unless the court extends the deadline for good cause shown or by agreement of the parties.

4.     By Stipulation and Order filed on November 4, 2009, the parties stipulated to extend to December 4, 2009, the time in which to file a Complaint for Forfeiture and/or obtain an Indictment Alleging Forfeiture.

5.     By Stipulation and Order filed on December 4, 2009, the parties stipulated to extend to February 2, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

6.     By Stipulation and Order filed on February 1, 2010, the parties stipulated to further extend to April 5, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

7.     By Stipulation and Order filed on April 5, 2010, the parties stipulated to further extend to June 3, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment Alleging Forfeiture.

1      8.    By Stipulation and Order filed on June 3, 2010, the parties stipulated to further extend
2  to July 7, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an Indictment
3  Alleging Forfeiture.

4      9.    By Stipulation and Order filed on July 7, 2010, the parties stipulated to further extend
5  to August 9, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an
6  Indictment Alleging Forfeiture.

7      10.    By Stipulation and Order filed on August 10, 2010, the parties stipulated to further
8  extend to September 10, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain
9  an Indictment Alleging Forfeiture.

10      11.    By Stipulation and Order filed on September 10, 2010, the parties stipulated to further
11  extend to October 12, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain an
12  Indictment Alleging Forfeiture.

13      12.    By Stipulation and Order filed on October 8, 2010, the parties stipulated to further
14  extend to November 15, 2010, the time in which to file a Complaint for Forfeiture and/or to Obtain
15  an Indictment Alleging Forfeiture.

16      13.    By Stipulation and Order filed on November 12, 2010, the parties stipulated to further
17  extend to February 11, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain
18  an Indictment Alleging Forfeiture

19      14.    By Stipulation and Order filed on February 7, 2011, the parties stipulated to further
20  extend to March 31, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an
21  Indictment Alleging Forfeiture.

22      15.    By Stipulation and Order filed on March 28, 2011, the parties stipulated to further
23  extend to April 29, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an
24  Indictment Alleging Forfeiture.

25      16.    By Stipulation and Order filed on April 29, 2011, the parties stipulated to further
26  extend to May 27, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an
27  Indictment Alleging Forfeiture

28      17.    By Stipulation and Order filed on May 24, 2011, the parties stipulated to further

1  extend to June 30, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an
2  Indictment Alleging Forfeiture

3      18.    By Stipulation and Order filed on June 29, 2011, the parties stipulated to further
4  extend to August 19, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain an
5  Indictment Alleging Forfeiture.

6      19.    By Stipulation and Order filed on August 18, 2011, the parties stipulated to further
7  extend to September 30, 2011, the time in which to file a Complaint for Forfeiture and/or to Obtain
8  an Indictment Alleging Forfeiture.

9      20.    The parties are currently in negotiations as to the disposition of certain assets.  One
10  Claimant has recently completed a civil trial in her favor and now wishes to make a counter-proposal
11  to the United States as to her proposal for disposition of the assets.  Her civil litigation lawyers need
12  additional time to tie up some "lose ends" associated with the recently completed civil litigation
13  before they can make a counter-offer to the United States. As provided in 18 U.S.C. § 983(a)(3)(A),
14  the parties wish by agreement to further extend to November 4, 2011, the time in which the United
15  States is required to file a civil complaint for forfeiture against the vehicle and currency and/or to
16  obtain an indictment alleging that the vehicle and currency are subject to forfeiture.

17      21.    The 1993 Cessna 550 Fixed Wing Multi-Engine Aircraft, Serial No. 550-0725, Tail
18  No. N725CC (hereafter "Cessna"), does not fall under administrative forfeiture eligibility however
19  the parties herein stipulate to include the Cessna under the governments requirement to file a Civil
20  Forfeiture Complaint or Indictment alleging Forfeiture on the within stipulated deadline date.

21      22.    Accordingly, the parties agree that the deadline by which the United States shall be
22  required to file a complaint for forfeiture against the vehicle, currency, and Cessna and/or to obtain
23  an indictment alleging that the vehicle, currency, and Cessna are subject to forfeiture shall be
24  ///
25  ///
26  ///
27  ///
28  ///

1 | extended to November 4, 2011.

2

3 | Dated: September 29, 2011         BENJAMIN B. WAGNER
                                      United States Attorney

4                                      /s/ Stanley A. Boone
                                      STANLEY A. BOONE
5                                     Assistant United States Attorney

6

7 | Dated: September 26, 2011          /s/ Paul L. Gabbert
                                      PAUL L. GABBERT
                                      Attorney for Claimants
8
                                      (original signature retained by attorney)
9

10                             **ORDER**

11      Good cause appearing, the Court adopts the parties' seventeenth stipulation to extend time within which the United States may file a complaint for forfeiture and/or to obtain an
12 indictment alleging forfeiture, to and including November 4, 2011.
        Additionally, this Court **SETS** the matter for a status conference on **November 10, 2011,**
13 **at 10:30 a.m. in Courtroom 10**.  AUSA Boone is directed to serve attorney Paul L. Gabbert (executing the previous stipulations on behalf of claimants) with a copy of this Order, as Mr.
14 Gabbert's appearance will be necessary on that date.  Moreover, the parties will prepare and file a joint status conference statement one week prior to the date of the hearing, addressing with
15 specificity the efforts the parties have made toward settlement of this case.

16

17      IT IS SO ORDERED.

    **Dated:   September 30, 2011**                /s/ **Gary S. Austin**
18                                           UNITED STATES MAGISTRATE JUDGE

19

20

...

28